**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry A. Testerman, ) | No. 2:07-cv-0079-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Somerton Elementary School District, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

This is an action by Terry A. Testerman against his employer, the Somerton Elementary School District ("District"), alleging race, sex, and age discrimination, as well as retaliation. We have before us defendant's motion for summary judgment and separate statement of facts (docs. 50 & 51), plaintiff's response and separate statement of facts (docs. 53 & 54), and defendant's reply and response to plaintiff's separate statement of facts (docs. 57 & 58).

**I**

Plaintiff is a Caucasian male in his late fifties. He was hired by the District as a sixth grade math teacher at Somerton Middle School in 2003 at age 52 and remains in that position. In January 2006, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination in connection with the hiring of

teacher/facilitators at the middle school in July 2005.[1] He filed a second charge with the EEOC in August 2006 alleging retaliation by Brick, then principal of the middle school. Plaintiff alleges Brick asked him about his retirement plans and told him that it was important "to give younger people the opportunity to gain job experience." PSOF, Ex.1 ¶ 12. Plaintiff also alleges that Brick told another employee "not [to] believe anything Testerman says" and that she should "stay away from Testerman." Id. ¶ 14.

In late August 2006, an assistant principal position became open at Somerton Middle School. Eight applicants, including plaintiff, were interviewed for the position by a panel of teachers and school administrators. The interviewers scored each applicant based on predetermined factors and assigned each a cumulative score. At the close of the interview process, the District superintendent, Rutan, who was not a member of the interview panel, discussed the candidates with the panel and recommended the highest rated candidate to the District's governing board. Rutan's recommendation was accepted and Arvizo, a 36 year old Hispanic female, was hired.

On October 5, 2006, plaintiff sent an email to the entire middle school staff addressing "malicious statements" that had allegedly been spread about him. PSOF ¶ 34. The email directed anyone who had heard the "discrediting statements" to address him directly and stated that "the individual who started the rumors must have a brain smaller than a pea to think that some of you would not share this information with me." Id. In response to plaintiff's email, Brick sent him a letter stating, "[y]our labeling of a fellow staff member as having 'a brain smaller than a pea' is unprofessional conduct and inappropriate." DSOF ¶ 35.

In response to Arvizo's hiring and Brick's letter, plaintiff filed a third charge with the EEOC in November 2006 alleging race, sex, and age discrimination, as well as retaliation. The EEOC did not find any violations and issued right to sue letters. Plaintiff brings this

---

[1]Because plaintiff does not include this charge in his complaint, we will not discuss the underlying facts.

1  action claiming: (1) sex and race discrimination under Title VII of the civil rights act of 1964,
2  42 U.S.C. § 2000e, *et seq.* ("Title VII"); (2) age discrimination under the Age Discrimination
3  in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"); and (3)
4  retaliation under both Title VII and the ADEA. Defendant moves for summary judgment on
5  all claims.

## II

The District claims that plaintiff has failed to show sufficient evidence of disparate treatment on account of his race, sex, and age in violation of Title VII and the ADEA. We agree. "The standard analysis under Title VII is the same as that under ADEA." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1295 (9th Cir. 2000). We apply the McDonnell Douglas burden shifting analysis for each. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973). Plaintiff has the initial burden to show a prima facie case of discrimination, which defendant may then rebut by providing a "legitimate, nondiscriminatory reason" for the disparate treatment. Odima v. Westin Tucson Hotel Co., 991 F.2d 595, 599 (9th Cir. 1993) (citation omitted). If defendant provides such a reason, plaintiff must establish that the defendant's reason is a pretext for discrimination. Id. Despite the intermediate burden of production shifting, the ultimate burden of proving discrimination remains with plaintiff at all times. Texas Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 253, 101 S. Ct. 1089, 1094 (1981).

For purposes of its summary judgment motion, the District assumes that plaintiff has established a prima facie case of disparate treatment when he was not promoted to assistant principal. However, it argues that the interview process is a legitimate, nondiscriminatory reason for Arvizo's selection. The issue then is whether plaintiff can show that the interview process is a pretext for discrimination, "either directly by persuading the court that a discriminatory reason more likely motivated the [District] or indirectly by showing that the [District's] proffered explanation is unworthy of credence." Hernandez v. Spacelabs Med. Inc., 343 F.3d 1107, 1112 (9th Cir. 2003) (citation omitted). The ultimate issue is whether

1    plaintiff has raised a genuine issue of fact from which a reasonable jury could infer that he
2    was discriminated against on the basis of his race, sex, or age. Odima, 991 F.2d at 599.

3    Plaintiff claims that he "was informed by another District employee and teacher who
4    spoke with one of the interviewees[2] on the panel that hired Ms. Arvizo that the reason she
5    was hired was because the District wanted to hire a woman who was Hispanic." PSOF, Ex.1
6    ¶ 10. He has not, however, provided an affidavit or sworn declaration from the school
7    employee who purportedly witnessed and informed him of this comment.  Plaintiff's
8    recounting of a third person's statement about what a member of the interview panel
9    allegedly told that person is not admissible evidence of discrimination. Rule 56(e), Fed. R.
10   Civ. P.; see also Orr v. Bank of Am., 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can
11   only consider admissible evidence in ruling on a motion for summary judgment.") (citations
12   omitted). The alleged statement by an unidentified District employee and imbedded
13   statement of an interview panel member are both inadmissible hearsay. Fed. R. Evid. 801.
14   Plaintiff offers both statements for the truth of the matter asserted, that the interview panel
15   sought to hire a Hispanic female, and without knowing who made either statement or in what
16   capacity, we cannot determine that either statement is a party admission. Even if the
17   interviewer's statement was a party admission under Rule 801(d)(2), Fed. R. Evid., the
18   statement of the other "employee and teacher" is not.

19   Plaintiff also argues that the interview panel was selected in a discriminatory manner,
20   but he again sets forth no evidence to support this claim. He claims that Brick "had a stacked
21   deck of individuals" on the interview panel. PSOF ¶ 29. Yet, in his deposition, plaintiff
22   stated that he did not have any knowledge as to how the interview panel was selected. Reply
23   at 4. He has provided no evidence showing that the interview panel for the assistant principal
24   position was unrepresentative of the school's needs or biased in any manner.

25   To show pretext, plaintiff also relies on comments Brick allegedly made to him and
26   third parties. However, plaintiff alleges only stray comments by Brick, which are insufficient

---

[2] Probably meant interviewers.

- 4 -

1  to raise an issue of fact regarding discrimination. See Coleman, 232 F.3d at 1284-85
2  (deciding that employer's use of the words "young and promotable" was not sufficient to
3  raise a question of fact as to pretext); Nesbit v. Pepsico, Inc., 994 F.2d 703, 705 (9th
4  Cir.1993) (holding that employer's use of the phrase "[w]e don't necessarily like grey hair"
5  did not support an inference of discriminatory motive).  In addition, plaintiff relies on
6  statements by third parties regarding comments allegedly made by Brick.  But he has not
7  provided a declaration or affidavit from any third party, and his recounting of a third party's
8  statement is inadmissible hearsay.

9      Finally, plaintiff argues that Arvizo did not meet the minimum requirements for the
10 assistant principal position because she did not earn her administrative certificate until after
11 being hired. But plaintiff acknowledged in his deposition that an administrative certificate
12 was not a prerequisite to the assistant principal job so long as the applicant was able to obtain
13 one by February 2007.  PSOF, Ex. 2 at 81.  Even if plaintiff could produce evidence that
14 Arvizo was less qualified than he for the position, that alone would not raise an issue of
15 material fact for the jury. Hiring Arvizo was within the District's discretion. McKennon v.
16 Nashville Banner Pub. Co., 513 U.S. 352, 361, 115 S. Ct. 879, 886 (1995) ("The ADEA, like
17 Title VII, is not a general regulation of the workplace but a law which prohibits
18 discrimination. The statute does not constrain employers from exercising significant other
19 prerogatives and discretions in the course of the hiring, promoting, and discharging of their
20 employees.").

21     Because plaintiff has not shown sufficient evidence from which a reasonable jury
22 could conclude that the District's reason for hiring Arvizo was a pretext for discrimination,
23 we will grant the District's motion for summary judgment as to plaintiff's Title VII and
24 ADEA discrimination claims.

### III

26     Plaintiff also claims that he has been the victim of retaliation by the District.
27 Retaliation claims under Title VII and the ADEA are treated alike and may be decided using
28 the McDonnell Douglas burden shifting framework. Hashimoto v. Dalton, 118 F.3d 671, 675

n.1 (9th Cir. 1997); McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1124 (9th Cir. 2004). Defendant again concedes that plaintiff can show a prima facie case of retaliation and offers the interview process as a legitimate, nondiscriminatory reason for its failure to promote him.

Plaintiff has provided no evidence that the District's reason for not promoting him is a pretext for retaliation. In his deposition, plaintiff stated that his retaliation claim is prefaced on his qualifications for the position and his opinion based on "the world in general and what you see with anybody that questions anything." PSOF, Ex. 2 at 84. Plaintiff's belief that he was more qualified for the position than Arvizo does not raise an issue of fact regarding retaliation. Coleman, 232 F.3d at 1285 ("[Plaintiff's] 'subjective personal judgments of [his] competence alone do not raise a genuine issue of material fact.'") (citation omitted). And mere speculation is insufficient to create a genuine issue for trial. Fed. R. Civ. P. 56(e).

Plaintiff has also failed to show any evidence that Brick's letter in response to his October 2006 email was an act of retaliation. Brick's letter was prompted by plaintiff's unprofessional email. Plaintiff has not provided any evidence that the District would have failed to take similar action as to other employees who had engaged in the same or similar conduct.

Also, for the reasons previously discussed, plaintiff has not provided sufficient evidence regarding alleged stray comments made by Brick to create an issue of material fact. We grant defendant's motion for summary judgment as to plaintiff's retaliation claim.

**IV**

**IT IS THEREFORE ORDERED GRANTING** defendant's motion for summary judgment (doc. 50).

DATED this 25th day of November, 2008.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge